IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DARRIN LELAND REBER, | Cause No. CV 20-101-M-DLC-KLD |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| PETER BLUDWORHT; TIM FOX, ATTRONEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

Pending before the Court is state pro se petitioner Darrin Leland Reber's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (Doc. 1.) Reber previously filed a § 2254 petition that was dismissed as unexhausted.[1] In the present matter, Reber was directed to show cause as to why his petition should not be dismissed as procedurally defaulted. (Doc. 5.) Mr. Reber filed his response to this Court's Order. See, (Doc. 8.)

The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion

---

[1] See, *Reber v. McTighe*, Cause No. CV-19-199-M-DLC, Or. (D. Mont. April 22, 2020).

1

thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). Based upon the reasons set forth below, it is recommended that Mr. Reber's petition be dismissed with prejudice as procedurally defaulted without excuse.

## I.   Procedural History

The procedural history or Mr. Reber's state court proceedings was set forth at length in a prior order of the Court. See, (Doc. 5 at 2-4.) In summary, Reber filed two previous appeals, which the Montana Supreme Court subsequently consolidated. On March 28, 2019, the Court issued an order directing Reber to file his opening brief. Instead, Reber chose to file various demands which the Court deemed as motions, these documents included: (1) Certified Judgment of UnRebutted Affidavit; (2) Writ of Execution; (3) Motion/Demand to Rule; (4) Demand/Motion to Rule; and (5) multiple filings demanding release. The Court ultimately dismissed the consolidated appeals with prejudice on May 8, 2019. See, *State v. Reber*, No. DA 17-0577, Or. (Mont. May 8, 2019.)

Reber then sought habeas relief from the Montana Supreme Court. Following review of his petition, the Court determined that Reber failed to demonstrate illegal incarceration and that his collateral attacks on his convictions were procedurally barred because he had already exhausted his remedy of appeal. *Reber v. Bludworth*, OP 20-0275, Or. (Mont. May 26, 2020).

Reber then filed the instant petition. After he was advised that his claims appeared to be unexhausted and/or procedurally defaulted, Reber apparently attempted to file two verified petitions for out-of-time appeals, seeking to exhaust his purported federal claims, with the Montana Supreme Court. The Court held that Reber was precluded from seeking another appeal of the same underlying cases a year and a half after the fact and that the May 8, 2019, orders were final. See, *State v. Reber*, DA 20-0598 (Mont. Dec. 29, 2020).[2] The Court noted that while it did not decide any of the issues, it did determine that Reber's appeal should be dismissed for failure to prosecute. *Id*. The Court applied the doctrines of law of the case and res judicata in support of its decision not to reopen the matter. Reber's petition for an out-of-time appeal was denied and dismissed. *Id*.

## II. Analysis

As discussed previously, Mr. Reber's claims are difficult to follow. See, (Doc. 5 at 4-5.) The Court would note that it appears Mr. Reber's petition may be subject to dismissal for failure to comply with the Rules Governing § 2254 Cases.[3]

---

[2] This order is attached to Reber's response to the show cause order. See, (Doc. 8-1.)

[3] The Court has the authority to dismiss habeas actions by its own motion under the Rules Governing § 2254 Cases in the United States District Courts. See 28 U.S.C. foll. § 2254, Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."); see also *Pagtalunan v. Galaza*, 291 F.3d 639, 641 & n.1 (9th Cir. 2002) (quoting Rule 4); *Hendricks v. Vasquez,* 908 F.2d 490, 491 (9th Cir. 1990 (observing that summary dismissal is appropriate where a petition's allegations are vague, conclusory, palpably incredible, patently frivolous or false) (citing *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

But it matters not at this juncture, because Reber does not dispute that his claims are procedurally defaulted. Rather, he believes he can demonstrate grounds to excuse his procedural default. See generally, (Doc. 8.)

The merits of a habeas petitioner's procedurally defaulted claims are to be reviewed if the petitioner (i) shows cause for the default and actual prejudice as a result of the alleged violation of federal las, or (ii) shows that the failure to consider the federal claim will result in a fundamental miscarriage of justice. *McKinney v. Ryan*, 730 F.3d 903, 913 (9th Cir. 2013).

### i. Cause and Prejudice

A petitioner may overcome the prohibition on reviewing procedurally defaulted claims if he is able to show "cause" to excuse his failure to comply with the state procedural rule and "actual prejudice resulting from the alleged constitutional violation." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977). To establish cause for a default, a petitioner must show that some objective factor external to the defense impeded efforts to comply with the State's procedural rule. See, *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A factor is external to the petitioner if it "cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753. To show "prejudice," a petitioner generally bears "the burden of showing not merely that the errors [in his proceeding] constituted a *possibility* of prejudice, but that they worked to his

4

*actual* and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Reber disputes the Montana Supreme Court's finding that he failed to file an opening brief in his consolidated direct appeal. He explains that he initially filed an 87-page affidavit and that there was no way he could comply with the Court's rule limiting his filing to 30-pages. (Doc. 8 at 1.) He goes on to explain that he was denied adequate resources and a long enough extension of time in which to properly prepare his opening brief. *Id*.

This Court finds Reber's arguments to be unavailing. The Montana Supreme Court noted that over a six-month period of time, Reber was able to file various pleadings including a: Certified Judgment of UnRebutted Affidavit; a Writ of Execution; a Motion/Demand to Rule; a Demand/Motion to Rule; and, multiple filings demanding release. See, *State v. Reber*, No. DA 17-0577, Or. (Mont. May 8, 2019). Clearly, Reber was capable of preparing and filing documents. The fact that he chose to seek extraordinary relief and pursue unconventional channels of review does not demonstrate adequate cause to excuse his default in this Court. Or put another way, Reber cannot show that his appellate filing decisions were the result of an external factor which "cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753. The manner in which he chose to proceed on direct appeal is attributable only to Reber.

Because Reber fails to establish cause for his procedural default, the Court need not consider whether he has shown actual prejudice resulting from the alleged constitutional violations. *Smith v. Murray*, 477 U.S. 527, 533 (1986). Accordingly, Reber has not satisfied the "cause and prejudice" exception to excuse his procedural default.

### ii.   Fundamental Miscarriage of Justice

A petitioner claiming actual innocence must satisfy the *Schlup* standard by demonstrating "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Lee v. Lampert*, 653 F. 3d 929, 938 (9th Cir. 2011)(en banc). In the federal habeas context "actual innocence" means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). To make a credible claim of actual innocence, petitioner must produce "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The habeas court then considers all the evidence: old and new, incriminating and exculpatory, admissible at trial or not. *House v. Bell*, 547 U.S. 518, 538 (2006). On this complete record, the court makes a "probabilistic determination about what reasonable, properly instructed jurors would do." *Id*. (quoting *Schlup*, 513 U.S. at 330).

Reber states that he could provide a sworn affidavit that would bring forth the necessary evidence needed so that no juror could find him guilty beyond a reasonable doubt. (Doc. 8 at 2.) But, Reber does not proffer any new evidence or provide an affidavit to support his claim of actual innocence. See, *Schlup*, 513 U.S. at 324. Accordingly, the miscarriage of justice exception does not apply to excuse Reber's procedural default.

### iii. Conclusion

Because Reber has failed to demonstrate cause and prejudice or a miscarriage of justice to excuse the procedural default of his claims, his petition should be dismissed as procedurally defaulted without excuse.

## III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability should be denied because Reber has not established an adequate basis to set aside the procedural default of his claims. There are no close questions and there is no basis to encourage further proceedings at this time.

Based upon the foregoing, the Court enters the following:

## RECOMMENDATION

1. Mr. Reber's Petition (Doc. 1) should be DISMISSED with prejudice as procedurally defaulted without excuse.

2. The Clerk of Court should be directed to enter a judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Reber may object to this Findings and Recommendation within 14 days.[4] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Reber must immediately notify the Court of any change in his mailing address. Failure to do so may result in dismissal of his case without notice to him.

---

[4] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Reber is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

DATED this 7th day of May, 2021.

                                              */s/ Kathleen L. DeSoto*
                                              Kathleen L. DeSoto
                                              United States Magistrate Judge